**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 87-cr-20063-01** |
| PAUL D. KATEKARU, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

On June 26, 1987, defendant pled guilty to presenting a false claim for a tax refund in violation

of 18 U.S.C. § 287, and obtaining payment by falsely representing his identity in violation of 42 U.S.C.

§ 408(g)(2). On November 25, 1987, the Court sentenced defendant to a year and a day in prison and

ordered him to pay restitution to the Internal Revenue Service in the amount of $13,124.56. See United

States v. Katekaru, 7 F.3d 1045, 1993 WL 415271, at *1 (10th Cir. Oct. 20, 1993). This matter is

before the Court on defendant's Motion To Correct An Illegal Sentence Pursuant To Rule 35(a), Fed.

R. Cr. P. (Doc. #104) filed December 9, 2008.[1]

Defendant claims that the Court improperly relied on the sentencing recommendation of the

United States Attorney. On the face of defendant's motion, it appears that his claim is moot because

the Court sentenced defendant in 1987 and he completed his sentence a decade ago. See State Farm

Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269, 1270-71 (10th Cir. 1998) (at every stage of

proceedings, federal court must sua sponte satisfy itself of power to adjudicate case). Article III of the

United States Constitution imposes a strict requirement that federal court jurisdiction extends only to

_____

[1]    Defendant relies on the version of Rule 35(a), Fed. R. Crim. P., which was in effect at
the time of his sentencing. Former Rule 35(a) allows the Court to correct an illegal sentence "at any
time."

actual cases and controversies.  U.S. Const. art. III, § 2, cl. 1.  Article III requires a party seeking relief to have suffered, or be threatened with, an actual injury traceable to another party and that a favorable judicial decision likely would redress the injury.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992); <u>United States v. Meyers</u>, 200 F.3d 715, 718 (10th Cir. 2000).  Where judicial relief will not remedy the party's injury, the party can no longer satisfy the Article III case or controversy jurisdictional requirement and the case is moot.  <u>Meyers</u>, 200 F.3d at 718.

An incarcerated defendant's challenge to the validity of his conviction always satisfies the case or controversy requirement because incarceration constitutes a concrete injury which is caused by the conviction and a court can redress the injury by overturning the conviction.  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998).  Once defendant's sentence has expired, however, some concrete and continuing injury or "collateral consequence" other than the now-ended incarceration must exist if the suit is to be maintained.  <u>Id.</u>  The Court presumes collateral consequences where defendant challenges his conviction after he has served his prison sentence.  <u>See id.</u> at 9-11.  The presumption does not apply in this case, however, because defendant challenges his sentence, not his conviction.  <u>See id.</u> at 12; <u>Luciano-Guillermo</u>, No. 07-2244, 2008 WL 5422669, at *2 (10th Cir. Dec. 31, 2008) (no presumption of collateral consequences when defendant concedes guilt and merely challenges length of sentence); <u>United States v. Vera-Flores</u>, 496 F.3d 1177, 1181 (10th Cir. 2007) (same); <u>United States v. Afuwajomo</u>, 258 Fed. Appx. 434, 436 (3d Cir. 2007) (appeal challenging only length of prison term moot if defendant fully served prison sentence).  Because the Court cannot presume that collateral consequences arise from the alleged sentencing error in this case, defendant bears the burden to show some "collateral consequences" from his sentence.  <u>See Spencer</u>, 523 U.S. at 14-16; <u>Vera-Flores</u>, 496 F.3d at 1181; <u>Meyers</u>, 200 F.3d at 718.  The Court therefore overrules defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Correct An Illegal Sentence Pursuant To Rule 35(a), Fed. R. Cr. P.</u> (Doc. #104) filed December 9, 2008 be and hereby is **OVERRULED as moot**.

Dated this 19th day of March, 2009, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge