**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 87-cr-20063-01 |
| PAUL D. KATEKARU, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On June 26, 1987, defendant pled guilty to presenting a false claim for a tax refund in violation of 18 U.S.C. § 287 (Count 1) and obtaining payment by falsely representing his identity in violation of 42 U.S.C. § 408(g)(2) (Count 2). On August 10, 1987, the Court sentenced defendant to a term of ten years in prison and ordered him to pay the Internal Revenue Service restitution in the amount of $13,124.56. On November 25, 1987, after the Bureau of Prisons ("BOP") completed a study of defendant under 18 U.S.C. § 4205(d), the Court modified defendant's sentence to a year and a day in prison on Count 1 and five years probation on Count 2. See United States v. Katekaru, 7 F.3d 1045, 1993 WL 415271, at *1 (10th Cir. Oct. 20, 1993). The BOP released defendant on June 10, 1988. In October of 1992, the Court revoked defendant's probation on Count 2 and sentenced him to a year and a day in prison. The Tenth Circuit affirmed. See id. Defendant completed his sentence and supervision more than a decade ago. On March 19, 2009, the Court overruled defendant's Rule 35(a) motion as moot. See Memorandum And Order (Doc. #105). This matter is before the Court on defendant's Motion For Reconsideration (Doc. #106) filed March 27, 2009. For reasons stated below, the Court overrules defendant's motion for reconsideration.

Defendant claims that the Court improperly relied on the sentencing recommendation of the Assistant United States Attorney ("AUSA"). An incarcerated defendant's challenge to the validity of

his conviction always satisfies the case or controversy requirement because incarceration constitutes a concrete injury which is caused by the conviction and a court can redress the injury by overturning the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once defendant's sentence has expired, however, some concrete and continuing injury or "collateral consequence" other than the now-ended incarceration must exist if the suit is to be maintained. Id. The Court presumes collateral consequences where defendant challenges his conviction after he has served his prison sentence. See id. at 9-11. As explained in the Court's prior order, however, the presumption does not apply in this case because defendant challenges his sentence and not his conviction. See id. at 12; United States v. Luciano-Guillermo, 305 Fed. Appx. 511, 513 (10th Cir. 2008) (no presumption of collateral consequences when defendant concedes guilt and merely challenges length of sentence); United States v. Vera-Flores, 496 F.3d 1177, 1181 (10th Cir. 2007) (same); United States v. Afuwajomo, 258 Fed. Appx. 434, 436 (3d Cir. 2007) (appeal challenging only length of prison term moot if defendant fully served prison sentence). Because the Court cannot presume that collateral consequences arise from the alleged sentencing error in this case, defendant bears the burden to show some "collateral consequences" from his sentence. See Spencer, 523 U.S. at 14-16; Vera-Flores, 496 F.3d at 1181; United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000).

In his motion to reconsider, defendant argues that the length of his sentence has collateral consequences because as a prerequisite to filing a civil rights action against the AUSA in this case, he must successfully attack the length of his sentence. See Motion For Reconsideration (Doc. #106) at 2 (citing Sule v. Warden, ADX Florence, Colo., 1998 WL 10240, at *2 (10th Cir. 1988)). In Sule, a former federal inmate filed a habeas corpus petition under 28 U.S.C. § 2241, alleging that the government violated his rights by imposing a prison disciplinary sanction which withdrew 22 days of

good-time credit. On appeal, the Tenth Circuit held that plaintiff's claim was not moot even though he was no longer in custody because he intended to file a Bivens or Federal Tort Claims Act action against the Bureau of Prisons and the federal government. The Tenth Circuit reasoned that under Heck v. Humphrey, 512 U.S. 477 (1994), plaintiff was required to obtain a judgment setting aside the prison disciplinary sanction as a prerequisite to claiming damages under Section 1983.

Here, defendant does not challenge a prison disciplinary sanction, but his underlying sentence in the criminal case. In dismissing defendant's civil complaint for loss of good time credits, the Honorable G.T. Van Bebber explained that to recover damages, defendant must show that the "underlying prison administrative or disciplinary action that resulted in the loss of good time has been invalidated or set aside." See Order (Doc. #2) filed August 22, 1987 at 1 in Katekaru v. Booker, D. Kan. No. 97-3335-GTV (citing Heck v. Humphrey, 512 U.S. 477 (1984)). In his motion to reconsider, defendant argues that he intends to bring an action against the AUSA for failure to inform the BOP of plea agreement provisions which resulted in the loss of 27 days of good time credit. See Motion For Reconsideration (Doc. #106) at 1-2. Defendant has not explained how the AUSA violated the plea agreement or how a favorable ruling on his Rule 35 motion is a prerequisite to a such a claim against the AUSA.[1]

In any event, defendant's Rule 35 motion lacks substantive merit. Defendant claims that his sentence of August 10, 1987 was "illegal." Motion For Reconsideration (Doc. #106) at 1-2. Defendant maintains that contrary to the plea agreement, the sentencing court "sought assistance from the Government in providing recommendations with respects [sic] to the imposition of sentence" and

---

[1] From a brief review, the claim apparently is barred based on prosecutorial immunity or the statute of limitations.

imposed a sentence under 18 U.S.C. § 4205(c). Motion To Correct An Illegal Sentence Pursuant To Rule 35(a), Fed. R. Cr. P. (Doc. #104) filed December 9, 2008 at 3. Defendant asks the Court to vacate the original sentence and set a new date for sentencing so that the Court can impose a sentence which is consistent with the ratified plea agreement. See id. Initially, defendant waived this argument because at sentencing, defendant agreed with the Court's sentence. See Transcript Of Sentencing (Doc. #16) at 6 (defense counsel: "we would agree 100 percent with your order in this matter"); id. at 7 (defense counsel: "I agree completely with your order"); United States v. Teague, 443 F.3d 1310, 1316 (10th Cir. 2006) (rejecting challenge to conditions of defendant's supervised release because he had proposed them through counsel and personally agreed to them at sentencing); United States v. Hardwell, 80 F.3d 1471, 1487 (10th Cir. 1996) (rejecting defendant's claims of misjoinder because his two cases had been tried together at his request); see also United States v. Katekaru, 1993 WL 142008, at *1 (D. Kan. Apr. 29, 1993) (noting persuasive argument that defendant waived various claims because he did not raise them in district court or on direct appeal). Due process does not require the Court to reconsider a sentence when defendant received a full and fair opportunity to challenge the information on which the Court relied, and he failed to do so. United States v. Manko, 772 F.2d 481, 482 (8th Cir. 1985) (quoting United States v. Brown, 715 F.2d 387, 389 (8th Cir. 1983)). In addition, the transcript of the original sentencing does not reflect that the government expressed any opinion on the sentence to be imposed. See Transcript Of Sentencing (Doc. #16). Finally, defendant has not explained how the sentence was inconsistent with the plea agreement. In his motion to reconsider, defendant argues that the AUSA should have foreseen that the BOP "would use the Report and Recommendation pursuant to 18 USC 4205(d) to administer defendant's sentence of imprisonment" and exclude defendant from placement at a federal prison camp. Motion For Reconsideration (Doc.

#106) at 2. Defendant fails to explain how the AUSA's failure to foresee this fact results in an "illegal sentence" which can be corrected under Rule 35.[2]  The Court therefore overrules defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration (Doc. #106) filed March 27, 2009 be and hereby is **OVERRULED**.

Dated this 2nd day of July, 2009, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] In a motion to vacate his sentence under 28 U.S.C. § 2255, defendant argued that his original conviction was unlawful and that the AUSA breached the plea agreement. The Court overruled defendant's motion, see United States v. Katekaru, 1993 WL 142008 (D. Kan. Apr. 29, 1993), and the Tenth Circuit affirmed, see United States v. Katekaru, 45 F.3d 440, 1995 WL 7450 (10th Cir. Jan. 9, 1995).