## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 87-20063-01-KHV** |
| PAUL D. KATEKARU, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion For Disclosure Pursuant To Brady v. Maryland</u> (Doc. #113) filed November 9, 2012. For reasons stated below, the Court overrules defendant's motion for disclosure.[1]

### Factual Background

On June 26, 1987, defendant pled guilty to presenting a false claim for a tax refund in violation of 18 U.S.C. § 287 (Count 1) and obtaining payment by falsely representing his identity in violation of 42 U.S.C. § 408(g)(2) (Count 2). On August 10, 1987, the Court sentenced defendant to ten years in prison and ordered him to pay restitution in the amount of $13,124.56. On November 25, 1987, after the Bureau of Prisons ("BOP") completed a study of defendant under 18 U.S.C. § 4205(d), the Court modified defendant's sentence to a year and a day in prison on Count 1 and five years of probation on Count 2. See <u>United States v. Katekaru</u>, 7 F.3d 1045, 1993 WL 415271, at *1 (10th Cir. Oct. 20, 1993).

---

[1]     The government has filed a motion for determination (Doc. #115) to ascertain whether it must file a response to defendant's motion for disclosure. Because defendant is clearly not entitled to relief, the Court declines to order the government to respond. The Court therefore overrules the government's motion as moot.

Defendant has filed a motion to stay consideration of his motion for disclosure (Doc. #116), but he does not provide a sufficient justification for a stay. The Court therefore overrules defendant's motion to stay.

The BOP released defendant on June 10, 1988.  In October of 1992, the Court revoked defendant's probation on Count 2 and sentenced him to a year and a day in prison.  The Tenth Circuit affirmed.  See id.  Defendant completed his sentence and supervision more than a decade ago.

**Analysis**

Defendant seeks disclosure of a personnel file related to Mary Jane Bright, a prison employee who resigned in October of 2008.  Defendant alleges that Ms. Bright resigned because of an investigation of her conduct some 15 years earlier when she reduced defendant's good-time credits from 26 days to 18 days.  Defendant states that he needs the personnel file to support a motion to correct illegal sentence under Rule 35(a), Fed. R. Crim. P.

An incarcerated defendant's challenge to the validity of his conviction always satisfies the case or controversy requirement because incarceration constitutes a concrete injury which is caused by the conviction and a court can redress the injury by overturning the conviction.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Once defendant's sentence has expired, however, some concrete and continuing injury or "collateral consequence" other than the now-ended incarceration must exist if the suit is to be maintained.  Id.  The Court presumes collateral consequences where defendant challenges his conviction after he has served his prison sentence.  See id. at 9-11.

Here, defendant does not challenge his conviction or sentence, but the calculation of good-time credit by prison personnel.  Defendant argues that he intends to file a Rule 35(a) motion as a procedural prerequisite to a claim against Ms. Bright.  A Rule 35 motion, however, addresses errors in defendant's sentence, not the execution of that sentence by prison personnel.  Defendant fails to explain how the BOP decision about good-time credit resulted in an "illegal sentence" which can be corrected under Rule 35.  A challenge concerning good-time credit goes to the execution of sentence and should be

brought, if at all, against defendant's custodian under 28 U.S.C. § 2241.  Fay v. Chester, 413 Fed.

Appx. 23, 26 (10th Cir. 2011); United States v. Furman, 112 F.3d 435, 438 (10th Cir. 1997); see 18

U.S.C. § 3624 (delegating to BOP authority to calculate good-time credit); see also Davis v. Wiley, 260

Fed. Appx. 66, 68 (10th Cir. Jan. 2, 2008) (claim which attacks BOP authority under federal regulations

to establish and enforce special assessment and restitution amounts attacks execution of sentence and

is properly raised in Section 2241 petition); Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005)

(challenge to execution of sentence should be brought under Section 2241); Graves v. United States,

124 F.3d 204 (Table), 1997 WL 547924, at *1 (7th Cir. Aug. 29, 1997) (challenge to BOP decision not

to place defendant in boot camp must be raised in Section 2241 motion). The Court, as part of this

criminal case, does not have jurisdiction to invalidate or set aside a BOP decision that resulted in the

loss of good-time credit.[2]  To the extent that defendant can properly bring a Section 2241 petition, he

may seek discovery of personnel files in that action.[3]

      **IT IS THEREFORE ORDERED** that defendant's Motion For Disclosure Pursuant To Brady

---

[2]      On July 28, 1997, defendant filed a civil rights complaint against the warden at USP-Leavenworth alleging that prison personnel took away ten days of good time credit.  See Complaint (Doc. #1) in Katekaru v. Booker, D. Kan. No. 97-3335-GTV.  In dismissing defendant's civil complaint, the Honorable G.T. VanBebber explained that to recover damages, defendant must show that the "underlying prison administrative or disciplinary action that resulted in the loss of good time has been invalidated or set aside."  See Order (Doc. #2) filed August 22, 1987 at 1 in Katekaru v. Booker, D. Kan. No. 97-3335-GTV (citing Heck v. Humphrey, 512 U.S. 477 (1984)).

[3]      In Sule, a former federal inmate filed a habeas corpus petition under 28 U.S.C. § 2241, alleging that the government violated his rights by imposing a prison disciplinary sanction which withdrew 22 days of good-time credit.  On appeal, the Tenth Circuit held that plaintiff's claim was not moot even though he was no longer in custody because he intended to file a Bivens or Federal Tort Claims Act action against the Bureau of Prisons and the federal government.  The Tenth Circuit reasoned that under Heck v. Humphrey, 512 U.S. 477 (1994), plaintiff was required to obtain a judgment setting aside the prison disciplinary sanction as a prerequisite to claiming damages under Section 1983.

<u>v. Maryland</u> (Doc. #113) filed November 9, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the government's <u>Motion For Determination</u> (Doc. #115) filed November 26, 2012 be and hereby is **OVERRULED as moot.**

**IT IS FURTHER ORDERED** that defendant's <u>Motion To Stay Consideration Of Doc. #113</u> (Doc. #116) filed November 27, 2012 be and hereby is **OVERRULED.**

Dated this 9th day of January, 2013 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge